Filed 2/22/21  P. v. Saechao CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KAO HIN SAECHAO,<br><br>        Defendant and Appellant. | A156556<br><br>(Contra Costa County Super. Ct. No. 5-181860-8) |

Defendant Kao Hin Saechao challenges his conviction for first degree residential burglary.  Defendant contends his trial counsel rendered ineffective assistance by making an unfulfilled promise to the jury regarding evidence it would hear at trial and failing to object to comments made by the prosecution in closing argument.  Defendant also argues the trial court incorrectly instructed the jury with CALCRIM No. 358.  We affirm.

## BACKGROUND

On the morning of July 26, 2018, L.K. left her house in San Pablo, locking both her front door and back door before she left.  When she came back later that afternoon, her front door was still locked.  After unlocking the door and entering her home, she saw it was in shambles.  Drawers had been pulled out, and her belongings had been dumped on the floor.  She realized

1

her laptop, walkie talkie radios, checkbook, jewelry, credit cards, passport, paperwork from an old business, and cash were missing. She walked to the back of her home and saw the glass pane closest to the lock of the back door had been smashed.

L.K. called the police and told the San Pablo Police Department some of her stolen credit cards had been used. Police obtained surveillance tapes and receipts from the locations where the cards had been used, and the tapes showed defendant using her credit cards. Police then obtained a warrant to search defendant's home, where they found L.K.'s passport, some of her paperwork, and her checkbook.

At the police station, police read defendant his *Miranda*[1] rights and interviewed him. During the interview, defendant told police he used a "sparkplug" to break into L.K.'s home and said "[i]t was wrong" to break into the house. He also admitted selling the laptop and offered to get it back, and confessed to using L.K.'s credit card to pay for a car ride service.

Defendant was charged with and convicted of first degree residential burglary.[2] (Pen. Code, § 459.) The trial court sentenced him to two years.

DISCUSSION

Defendant contends his trial counsel was ineffective for several reasons.

To succeed on an ineffective assistance of counsel (IAC) claim, a defendant must show (1) counsel provided representation that fell below an

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] Defendant was also charged with two counts of shoplifting (Pen. Code, § 459.5) and an enhancement on the residential burglary charge because he was on bail at the time of the incident. (Pen. Code, § 12022.1.) The prosecution dismissed the shoplifting charges and the enhancement allegation at trial.

objective standard of reasonableness under prevailing professional norms and (2) prejudice resulted from counsel's deficient performance. (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688, 691–692 (*Strickland*); *People v. Jennings* (1991) 53 Cal.3d 334, 357.) A defendant shows prejudice when there is a reasonable probability that, but for counsel's deficient representation, the result of the proceeding would have been different. (*Jennings,* at p. 357.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*People v. Avena* (1996) 13 Cal.4th 394, 418.)

When a defendant makes an IAC claim on direct appeal, and the record does not show why counsel chose to act as he or she did, the conviction must be affirmed unless there was no rational tactical purpose for counsel's acts or omissions. (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1007.)

***Unfulfilled Promise and Failure to Object***

Defendant contends his trial counsel made several prejudicial errors.

First, defendant asserts counsel rendered ineffective assistance in his opening statement by promising the jury it would not hear evidence about spark plugs. Specifically, counsel told the jury it was "not going to hear an explanation for how [defendant] could possibly have broken into that house using a spark plug chip." The promise turned out to be untrue when a detective later explained to the jury how a spark plug can be used to shatter a window without much force, and that spark plugs are classified as burglary tools in the Penal Code. The prosecution reminded the jury during closing argument about the unfulfilled promise. Because defense counsel made a promise about evidence not within his control, defendant argues the promise was an unreasonable tactical decision.

3

Second, defendant contends his counsel provided ineffective assistance by failing to object to two comments by the prosecutor in closing argument that defendant had a motive to steal because he was unemployed.

Third, defendant alleges his counsel erred by not objecting to the prosecution's statement that there was no evidence defendant was asleep when the police arrived at his home to execute the search warrant.[3] Defendant argues because no one else was at home, he was the only person who could have provided such evidence. Thus, he contends, the prosecution indirectly commented on his decision not to testify in violation of *Griffin v. California* (1965) 380 U.S. 609.

In deciding an IAC claim, a court need not examine counsel's allegedly deficient performance if the claim can be resolved on the ground of lack of sufficient prejudice. (*Strickland, supra*, 466 U.S. at p. 697.) Here, even taking all of counsel's alleged errors together and assuming, without deciding, they constituted deficient performance, we conclude defendant has failed to demonstrate prejudice.

First, considered in context, the errors were not significant. The prosecution's statements during closing argument about defendant's motive, whether he was asleep when the police arrived, and the reference to defense counsel's unfulfilled promise were very brief. (*People v. Brown* (2003) 31 Cal.4th 518, 554 [defendant not prejudiced by brief and fleeting remarks by prosecution].) Moreover, it is unlikely that the jury gave the comments much weight, particularly when the jury was instructed on reasonable doubt

---

[3] During closing argument, defense counsel told the jury that when officers searched defendant's home, "he was awakened by . . . an assault rifle in his face." Counsel argued the jury should consider that fact and the fact defendant kept falling asleep in the interview room to conclude he confessed because he was exhausted and anxious to be released.

and the burden of proof, defendant's right not to testify, that statements by counsel are not evidence, and the jury must follow the court's instruction on what the law provides, even where there is a conflict between the court's instructions and attorneys' comments. (See *Boyde v. California* (1990) 494 U.S. 370, 384–385 [arguments of counsel carry less weight with a jury than instructions from the court, and attorney's comments must be judged in the context in which they are made].)

In any event, given the strong evidence against defendant, it is not reasonably probable that the outcome of the trial would have been different had counsel not committed the asserted deficiencies in representation. The evidence presented at trial included surveillance video of defendant using L.K.'s credit cards at Home Depot and Sportsman's Liquors. Police found L.K.'s passport, personal documents, and checkbook in defendant's home when they executed the search warrant. Moreover, the jury saw defendant's interview with police, in which he confessed to using a spark plug to break into L.K.'s home, stealing her laptop, and using her credit card to get a ride with a car service. In light of the overwhelming evidence against defendant, he has failed to demonstrate he was prejudiced by counsel's alleged representational shortcomings.

### CALCRIM No. 358

Defendant also argues the trial court erred in giving jury instruction CALCRIM No. 358. The trial court instructed the jury: "You have heard evidence that the defendant made an oral or written statements [*sic*] before the trial. You must decide whether the defendant made any of these statements in whole or in part. If you decide that the defendant made such statements, consider the statements, along with all the other evidence, in reaching your verdict. It is up to you to decide how much importance to give

5

to the statements. [¶] Consider with caution any statement made by the defendant tending to show his guilt, unless the statement was written or otherwise recorded." Because the statement the jury had to examine was defendant's recorded confession, defendant argues a reasonable juror would interpret the jury instruction by its converse: the jury need not consider the statement with care because it was recorded.

Counsel, however, invited the alleged error by specifically requesting the jury instruction and raising no objection when the court read it to the jury. (*People v. Wader* (1993) 5 Cal.4th 610, 657–658 (*Wader*) [error is invited when defendant makes a " 'conscious and deliberate tactical choice' " to request the jury instruction].)

As to defendant's claim counsel committed ineffective assistance by requesting the instruction, we conclude the claim lacks merit because counsel had a reasonable tactical reason for requesting it. (*Wader, supra,* 5 Cal.4th at p. 658.) CALCRIM No. 358 tells the jury to consider the defendant's confession along with all the other evidence and to determine how much importance to give the statement. By requesting the instruction, counsel ensured the jury would evaluate defendant's admission in light of all the other evidence, including counsel's argument in closing that defendant made a false statement to police because he was tired and anxious to be released. Under the circumstances here, CALCRIM No. 358 benefitted defendant by instructing the jury to examine his confession along with all the other evidence presented in the case.

Moreover, even if counsel was ineffective for requesting the jury instruction, there was no resulting prejudice. As previously discussed, the evidence against defendant was overwhelming. Accordingly, for this reason, as well, defendant cannot establish an IAC claim.

**DISPOSITION**

The judgment is affirmed.

_____
Banke, J.

We concur:


_____
Margulies, Acting P.J.


_____
Sanchez, J.

A156556, People v. Saechao

8